# EXHIBIT "A"

**SOLOMON, SHERMAN, GABAY, BRISKIN & SHERMAN**
**DAVID B. SHERMAN**
**Identification No. 36437**
**8 Penn Center**
**1628 J.F.K. Boulevard, Suite 2200**
**Philadelphia, PA 19103**
**(215) 665-1100**

**This is a major Jury case**

Filed and Attested by the Office of Judicial Records 14 NOV 2024 04:37 pm L. BREWINGTON

**Attorneys for Plaintiff**

| | | |
|---|---|---|
| SERVERNA SHORTER<br>243 E. Louden Street<br>Philadelphia, PA 19120 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | : | |
| WALMART SUPERCENTER #5130<br>9745 Roosevelt Blvd.<br>Philadelphia, PA 19114<br>and<br>WALMART, INC.<br>9745 Roosevelt Blvd.<br>Philadelphia, PA 19114<br>*SEE ATTACHED RIDER* | : | NO.: |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with this court your defenses objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVER A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGALHELP.**

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERENCE SERVIE**
**ONE READING CENTER**
**PHILADELPHIA, PA 19107**
**(215) 238-1701**

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede dedidir a favor del demandante y require que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**ASOCIACION DE LICENCIADOS DE FILADELFIA**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, PA 19107**
**Telefono: (215) 238-1701**

***RIDER***

| | |
|---|---|
| and | : |
| WAL-MART STORES EAST, LP | : |
| 9745 Roosevelt Blvd. | : |
| Philadelphia, PA 19114 | : |
| and | : |
| ABC COMPANIES | : |
| (fictitious designation of unidentified | : |
| businesses, partnerships, non-profits, | : |
| proprietorships, and/or corporations) | : |
| and | : |
| JOHN DOES and/or JANE DOES, | : |
| (fictitious designation of unidentified | : |
| individuals) | : |

---

**COMPLAINT – CIVIL ACTION**
**2S – Premises Liability**

1. Plaintiff, Serverna Shorter is an adult individual residing at the above-referenced address.

2. Defendant, Walmart Supercenter #5130, is a business, partnership, corporation and/or similar business entity authorized to do business in the Commonwealth of Pennsylvania, with offices and/or principal place of business located at the above-referenced address, and at all times pertinent hereto owned, operated, controlled, maintained and possessed the premises where Plaintiff's incident occurred in an unreasonably unsafe condition for those persons lawfully thereon.

3. Defendant, Walmart, Inc., is a business, partnership, corporation and/or similar business entity authorized to do business in the Commonwealth of Pennsylvania, with offices and/or principal place of business located at the above-referenced address, and at all times pertinent hereto owned, operated, controlled, maintained and possessed the premises where Plaintiff's incident occurred in an unreasonably unsafe condition for those persons lawfully thereon.

4. Defendant, Wal-Mart Stores East, LP, is a business, partnership, corporation and/or similar business entity authorized to do business in the Commonwealth of Pennsylvania, with offices and/or principal place of business located at the above-referenced address, and at all times pertinent hereto owned, managed, operated, controlled, maintained and possessed the premises where Plaintiff's incident occurred in an unreasonably unsafe condition for those persons lawfully thereon.

5. Defendants, ABC Companies, said names being fictitious, the true names being unknown the Plaintiff after reasonable search with due diligence, were businesses, partnerships, non-profits, proprietorships, and/or corporations who were the managers, operators, owners, controllers, maintainers and possessors of the premises where Plaintiff's incident occurred.

6. Defendants, John Does and/or Jane Does, said names being fictitious, the true names being unknown to the Plaintiff after reasonable search with due diligence, were individual managers, operators, owners, controllers, maintainers and possessors of the premises where Plaintiff's incident occurred.

7. At all times pertinent hereto, Defendants, collectively identified, owned, possessed, controlled, operated, managed, maintained and had the duty to maintain the premises where Plaintiff sustained injuries in this action in a reasonably safe condition for public travel thereon.

8. At all times relevant hereto, all named Defendants owned, operated, managed, maintained, possessed, controlled, and were otherwise responsible for the condition and maintenance of the area where the incident to be described hereinafter occurred.

9. At all times pertinent hereto, all of the acts and omissions of the Defendants were committed by the Defendants and/or through their agents, workmen, servants and/or employees and by others with whom the Defendants had control or authority.

10. Notwithstanding their duty, the premises to be mentioned hereinafter was so negligently, and carelessly possessed, controlled and maintained by Defendants that the walk areas, walkways and public areas were caused, permitted, and allowed by Defendants to become and remain in a highly defective and dangerous condition in that a dangerous and defective accumulation of liquid substance existing on the premises was not reasonably safe for use/travel by pedestrians such as Plaintiff.

11. On or about February 11, 2023, Plaintiff, Serverna Shorter, was a business invitee inside Defendants' premises known as "Walmart Supercenter #5130", located at 9745 Roosevelt Blvd., in the City of and County of Philadelphia, Commonwealth of Pennsylvania, when she was caused to slip and fall as a result of a dangerous and defective accumulation of a liquid substance on the floor of said premises, causing Plaintiff serious personal injuries set forth more particularly hereinafter.

12. The aforementioned negligence of the Defendants, to wit, allowing a dangerous and defective condition to exist and remain on the aforementioned premises, caused the resultant injuries and damages suffered by Plaintiff which are hereinafter more fully set forth.

13. At the time of said occurrence and for some time prior thereto, Defendants did not exercise reasonable care, knew or should have known of the aforesaid dangerous condition and did allow and permit said condition to exist and remain.

14. At all times relevant hereto, the walk areas, walkways and public areas were under the exclusive possession, custody and control of the Defendants, and/or its duly authorized servants, agents, workmen and/or employees acting within the course and scope of their authority.

15. At no time relevant hereto was the occurrence herein described caused by an act or omission of the Plaintiff.

16. At all times relevant hereto, Plaintiff was lawfully on the premises where the aforementioned incident and resultant injuries occurred.

## COUNT I
## PLAINTIFF, SERVERNA SHORTER v. ALL NAMED DEFENDANTS
## Negligence

17. Plaintiff, Serverna Shorter, hereby incorporates by reference paragraphs 1 through 16 as though the same were fully set forth at length herein.

18. The aforementioned dangerous and defective condition existing at the aforesaid premises had existed long enough for all Defendants to have had actual and/or constructive notice of the dangerous defect(s).

19. The dangerous and defective condition existing at the aforesaid premises was created by the Defendants and therefore Plaintiff need not prove actual or constructive notice of the same.

20. In addition to being defective, the area was inherently dangerous, such that the area itself created a dangerous and defective condition.

21. The Defendants are liable for the injuries and damages suffered by the Plaintiff.

22. The Defendants had sufficient opportunity to eliminate, abate, resolve

and/or correct the dangerous condition existing on the property so as to prevent and/or minimize the aforesaid dangerous condition.

23. The aforesaid incident was a direct and proximate result of the negligence and carelessness of the Defendants through their agents, servants, workmen and/or employees.

24. The servants, agents, workmen and/or employees of the Defendants who owned, operated controlled, maintained, repaired and possessed the premises knew or should have known of the dangerous condition which caused the aforesaid incident.

25. The negligence and carelessness of the Defendants, by and through their agents, servants, workmen and/or employees acting in the course and scope of their employment, included, but was not limited to the following:

(a) failing to maintain the said area when they knew or should have known of the dangerous condition;

(b) failure to inspect the area;

(c) failure to warn Plaintiff and others similarly situated of the dangerous condition;

(d) allowing a dangerous surface condition to exist;

(e) failure to provide safe access;

(f) failure to cordon off the dangerous area;

(g) failure to make reasonable inspections;

(h) failure to remove the dangerous condition;

(i) failure to use proper snow techniques and materials;

(j) failure to properly train employees;

(k) failure to have the proper number of trained employees to maintain and/or clear area;

(l) failure to post signs or barricades;

(m) failure to be diligent in having inspections;

(n) failing to use the ordinary care which the general public has a right to expect of property owners;

(o) failure to monitor;

(p) violated the various provisions of the Restatement of Torts 2d; and

(q) otherwise negligent in fact and at law which will be determined at time of trial.

26. As a direct and proximate result of the aforesaid incident, Plaintiff, Serverna Shorter, was caused to sustain severe personal injuries to her left hip, left ankle, right knee, lower back, and surrounding areas and other injuries both known and unknown, all of which have caused and may further cause in the future great pain and suffering and agony and a deprivation of her normal mode of living and a loss of earnings and/or earning power.

27. Plaintiff avers that the injuries sustained may be of a permanent nature and character.

28. As a further direct and proximate result of the aforesaid incident, Plaintiff has endured embarrassment and humiliation and severe emotional distress, and has sustained a loss of life's pleasures, the full extent of which has yet to be determined.

29. As a further direct and proximate result of the aforesaid incident, Plaintiff has been unable in the past and is likely to be unable in the future to attend to her usual duties and activities and life's pleasure all to her great financial detriment and loss.

30. As a further direct and proximate result of the aforesaid incident, the Plaintiff has been and may in the future be required to expend various sums of money for medical services and treatment of the injuries as aforesaid to her great financial detriment and loss.

31. As a further direct and proximate result of the aforesaid incident, the Plaintiff has incurred and may continue to incur other expenses or financial losses which do or may exceed amounts Plaintiff may otherwise be entitled to recover, thereby entitling Plaintiff to additional benefits.

32. As a further direct and proximate result of the aforesaid incident, the Plaintiff was caused to incur substantial wage loss and loss of future earning capacity to her great financial detriment and harm.

WHEREFORE, Plaintiff, Serverna Shorter, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

**SOLOMON, SHERMAN, GABAY,**
**BRISKIN & SHERMAN**

**BY:** ______________________________
**DAVID B. SHERMAN, ESQUIRE**
**Attorneys for Plaintiff**

Dated: 11/14/24

# VERIFICATION

I Serverna Shorter hereby verify that the statements made in the foregoing Civil Action Complaint, are true and correct to the best of my information, knowledge and belief after reasonable inquiry. I understand that statements made herein are subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

______________________
Serverna Shorter

DATED: 11/5/24